AS YOU MAY OR MAY NOT KNOW, THE ATTORNEY GENERAL ACTS AS LEGAL ADVISOR TO THE STATE, THE LEGISLATURE, AND STATE OFFICERS, BOARDS, AGENCIES AND COMMISSIONS. AS SUCH, HE IS NOT AUTHORIZED TO PROVIDE LEGAL ADVICE OR RENDER A.G. OPINIONS TO COUNTY OFFICERS SUCH AS YOURSELF. RATHER, COUNTY OFFICERS SHOULD LOOK TO THEIR LOCAL DISTRICT ATTORNEY FOR ASSISTANCE. HOWEVER, I HAVE REVIEWED YOUR REQUEST FOR AN OPINION, AND OFFER THE FOLLOWING AS INFORMAL INFORMATION WHICH MAY BE HELPFUL. FIRST, COUNTY PURCHASING AGENTS ARE DEEMED TO BE COUNTY OFFICERS PURSUANT TO A.G. OPIN. NO. 83-049. MOREOVER, 19 O.S. 1501 [19-1501] (1986) PROVIDES THAT THE COUNTY PURCHASING AGENT SHALL BE UNDER THE GENERAL SUPERVISION AND DIRECTION OF THE APPOINTING AUTHORITY, WHICH IS EITHER THE COUNTY CLERK OR THE COUNTY BUDGET BOARD. I DO NOT KNOW IN YOUR PARTICULAR INSTANCE WHICH ENTITY APPOINTED THE COUNTY PURCHASING AGENT. HOWEVER, TO THE EXTENT THAT THE COUNTY PURCHASING AGENT IS UNDER THE SUPERVISION OF THE COUNTY CLERK, IT IS POSSIBLE THAT 21 O.S. 344 [21-344] (1981), COULD BE APPLICABLE. THAT STATUTE PROVIDES THAT EVERY PUBLIC OFFICER WHO IS AUTHORIZED TO MAKE ANY CONTRACT IN HIS OFFICIAL CAPACITY, WHO VOLUNTARILY BECOMES INTERESTED INDIVIDUALLY IN SUCH CONTRACT, DIRECTLY OR INDIRECTLY, IS GUILTY OF A MISDEMEANOR. UNDER THIS STATUTE, SO LONG AS THE COUNTY CLERK IS NOT INTERESTED, DIRECTLY OR INDIRECTLY IN THE CONTRACTS OF THE COUNTY, THERE WOULD NOT APPEAR TO BE A VIOLATION OF THIS STATUTE. (SUSAN BRIMER LOVING)